Butler, Receiver, *v.* Reynolds (et al., Appellants).

Argued September 30, 1949. Before Maxey, C. J., Drew, Linn, Stern, Patterson, Stearne and Jones, JJ.

84

*Reuben Fingold,* for appellants.

*Samuel Goldstock,* with him *Milton Safier* and *David Roth,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 14, 1949:

This is an appeal from the order of the court below dismissing the exceptions filed by appellants to the first and final account of a receiver.

Because of certain questionable dealings on the part of the Reynolds Construction Company, Inc., resulting in losses to veterans who signed contracts with that company for the purchase of lots and construction of homes in and around Allegheny County, the court appointed a receiver to handle the affairs of that company. On August 2, 1948, the receiver filed a bill in equity praying, *inter alia,* that a temporary receiver be appointed to manage the affairs of a restaurant and liquor business conducted by two of the stockholders of the Construction Company under the name and style of Club Society in order to preserve the assets for the benefit of the Reynolds Construction Company, Inc. The receiver, in seeking relief, alleged that the operators of the Reynolds Construction Company, Inc., had fraudulently converted funds of that corporation for the pur-

pose of purchasing the restaurant and liquor business. The court entered an order appointing a receiver for the Club Society.

The receiver filed his account. Appellants (creditors of the Reynolds Construction Company, Inc., but *not* creditors of the Club Society) filed exceptions to the allowance of a claim of a general creditor of the Club Society. The court below dismissed the exceptions and the appeal followed.

Appellants did not petition to intervene nor were they made parties to these receivership proceedings. The single question, therefore, is: do appellants, who are *not* creditors of the Club Society, have the status in the present circumstances to file exceptions to this receiver's account?

The answer is in the negative. It is true that a creditor of a corporation in receivership has a right to file exceptions to the receiver's account, but in this case appellants are *not* creditors of the *Club Society*. Whatever rights appellants may have in any money that may ultimately be awarded to the Construction Company out of the fund now before the court must be protected and enforced by the receiver of the Reynolds Construction Company, Inc., their debtor.

The order of the court below is affirmed.